IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN RAINEY, ZULMA BELTRAN, individually and on behalf of their minor children, D.R. and L.S., <br>    Plaintiffs, <br><br> v. <br><br> THE CITY OF CHICAGO, a municipal corporation, ARTHUR TARASZKIEWICZ, JUAN MORALES, PHILIP BROWN, and RICHARD RINELLA, City of Chicago Police Officers, <br><br>    Defendants. | 20-CV-0022 <br><br> HON. CHARLES NORGLE <br><br> HON. JEFFREY COLE |

### FIRST AMENDED COMPLAINT

The Plaintiffs, Brian Rainey and Zulma Beltran, individually and on behalf of their minor children, D.R. and L.S., by and through their attorneys, Dvorak Law Offices, LLC, and complain against Defendants City of Chicago and Officers Arthur Taraszkiewicz (#21183), Juan Morales (#20741), Philip Brown (#2036) and Richard Rinella (4619), City of Chicago Police Officers ("collectively Defendant Officers"), stating the following:

### JURISDICTION AND VENUE:

1. The incident occurred on January 11, 2018, in Cook County, Illinois.

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, U.S.C. 42 U.S.C. § 1983, § 1988 and 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States pendant jurisdiction as provided under 28 U.S.C. § 1367(a).

1

3. Venue is proper under 28 U.S.C. § 1391(b)(2) as all parties resigned in this judicial district and all underlying events pertaining to the claims occurred within this District.

**PARTIES:**

4. The Plaintiffs, Brian Rainey, Zulma Beltran, and their two minor children D.R. (age 7 at the time of incident) and L.S. (age 12 at the time of incident) are residents of Chicago, Illinois.

5. The Defendant City of Chicago ("Defendant City") is a municipal corporation which is located in Cook County, Illinois and at all times relevant to this complaint was the employer of Officers Arthur Taraszkiewicz (#21183), Juan Morales (#20741), Philip Brown (#2036) and Richard Rinella (4619), City of Chicago Police Officers ("collectively Defendant Officers").

**FACTS:**

6. At or around 8:45 p.m. on January 11, 2018, the Plaintiff, Brian Rainey, was at home with his wife and two daughters, D.R. and L.S.

7. Plaintiff Brian Rainey was seated on his couch when he heard the doorknob to his apartment rattling.

8. He called out and asked who was there. The Plaintiff got up and went to the door and, without opening the door, he asked again who it was but again received no answer.

9. One of the Defendant Officers, Arthur Taraszkiewicz, then told him to "open the door" and that they were conducting an investigation and looking for someone.

10. The Plaintiff then began to open the door. As he did this, Defendant Officer Taraszkiewicz reached inside and grabbed the Plaintiff by his shirt, attempting to pull the Plaintiff out of the apartment.

11. The Plaintiff attempted to pull away from the Defendant Officer.

12. The Plaintiff's wife, Plaintiff Zulma Beltran, pulled her husband away from behind as the Defendant Officer Taraszkiewicz shoved him away.

13. The Defendant Officer asked who lived in the apartment, and the Plaintiff informed them that is was only himself, his wife and his two children who were in the back of the apartment.

14. The Defendant Officer then told the Plaintiff, Brian, to get out of the way because they wanted to search his apartment.

15. However, they did not have a search warrant.

16. The Plaintiff, as was his right, refused to consent to such a warrantless search of his home.

17. Despite this, the Defendant Officers, including Arthur Taraszkiewicz, Juan Morales, Phillip Brown and Richard Rinella, forced their way into the apartment in order to conduct an illegal search.

18. When the Plaintiff attempted to prevent the officers from entering, Defendant Officer Taraszkiewicz drew his weapon and aimed it towards the Plaintiff, without any legal justification.

19. The Plaintiff put his hands up and stepped back into his apartment.

20. The Plaintiff again asked who the officers we looking for and why they were there.

21. The Defendant Officers, still refusing to answer, forced their way into the apartment and began to illegally search it.

22. The Plaintiff was now standing out of the Defendant Officers' way but continued to request to see a search warrant, and the names and badge numbers of the officers searching his apartment.

23. The Defendant Officers refused to show a warrant, or give any information regarding who they were looking for, nor did they give any identifying information.

24. Another Defendant Officer, a tall white male, walked towards the back of the apartment where the Plaintiff's children were located.

25. The Plaintiff's 7-year-old daughter was in the hallway as this officer was going to search the back of the apartment.

26. This officer pulled his gun and aimed it towards the Plaintiff's 7-year-old daughter.

27. There was no legal justification for pointing a weapon at a seven-year-old child.

28. The Plaintiff asked if he could show the Defendant Officers his identification from his wallet to prove who he was.

29. The Defendant Officers allowed him to get to his wallet and phone.

30. The Plaintiff then used his cellphone at approximately 8:49 PM to call 911.

31. After speaking to dispatch, the Plaintiff was connected to the 25th District.

32. After the Plaintiff began speaking to police, the Defendant Officers left the apartment.

**Count I: 42 U.S.C. § 1983**
**Excessive Force**
**(Brian Rainey, individually and also Plaintiff D.R., through her parents, v. Defendant Officers Taraszkiewicz, Morales, Brown, and Rinella)**

33. Each of the previous Paragraphs is reinstated herein.

34. As described above, Defendant Officer Arthur Taraszkiewicz , without legal justification, caused Plaintiff Brian Rainey to be subject to excessive and unreasonable force and/or was in a position to prevent a police officer (Defendant Officer, himself, and/or other non-Defendant Officers) from using excessive force, in violation of his rights under the Fourth Amendment of the United States Constitution.

35. Additionally, as described above, a Chicago police officer without legal justification, caused the minor D.R. to be subject to excessive force, specifically, a gun pointed at her, and the Defendant Officers were in a position to prevent this officer (or himself) from using excessive force, in violation of his rights under the Fourth Amendment of the United States Constitution.

36. The Defendant Officers had a realistic opportunity to prevent the use of force, but each failed to do so.

37. As a result of the Defendant Officers' conduct, the Plaintiff suffered damages, including but not limited to those described above.

38. The Defendant Officers' conduct was typical of a systematic pattern and practice of Chicago police officers conducting warrantless searches of homes in Chicago, and even though the City has known about this practice for decades, they have refused to take any action to meaningfully address this widespread problem.

39. Moreover, during such searches, it is part of a systematic pattern and practice of Chicago police officer to needlessly point weapons at occupants during such searches, including at children.

### Count II: 42 U.S.C. § 1983
### Illegal Search and Seizure
### (All Plaintiffs v. Defendant Officers)

40. Each paragraph of this Complaint is fully restated and incorporated herein.

41. The actions of the Defendant Officers in illegally entering the Plaintiff's home without consent, a warrant, exigent circumstances, or any other legal justification violated their rights under the Fourth Amendment to the United States Constitution to be secure in their person, house, papers, and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

42. As a result of the above-described wrongful infringement of the Plaintiffs' rights, the Plaintiffs suffered damages as described above.

### Count III: 42 U.S.C. § 1983
### *Monell* Claim
### (All Plaintiffs v. City of Chicago)

43. Each paragraph of this Complaint is fully restated and incorporated herein.

44. The Plaintiff had a fundamental Fourteenth Amendment right to be free from unreasonable search of his home by the Defendant Officers.

45. The Defendant Officers were at all times relevant to this complaint employed by Defendant City of Chicago and was acting within the scope of his employment.

46. Defendant Officers were acting under color of law at all times.

47. Additionally and/or alternatively, the City of Chicago's actions or inactions in this case supply the requisite color of law element to this Section 1983 action.

48. The City's failure to supervise, train and discipline Defendant Officers allowed them to act with impunity and to use their police power to illegally search the Plaintiff's home without a warrant or legal justification.

49. At all relevant times, the Defendant City of Chicago had a custom of failing to properly train, supervise and discipline its police officers, Defendant Officers included.

50. At all relevant times, the City of Chicago had in effect policies and procedures, rules, regulations, and general orders regarding the conduct of both on and off duty officers, agents, representatives, and or employees.

51. Defendant City of Chicago had a duty to institute and promulgate procedures, investigations and disciplinary actions that would have protected the Plaintiff, but it failed to do so.

52. Defendant City of Chicago had a duty to institute and maintain a proper early warning system to identify problem officers but failed to do so.

53. The Defendant City of Chicago's failure was the direct cause of the Defendant Officers' illegal warrantless search of the Plaintiff's home.

54. As a result of the Defendant Officers' conduct the Plaintiff suffered damages, including but not limited to those described above

### Count III: State Law Claim
### Assault
### (Brian Rainey and Zulma Beltran on behalf of D.R. v. City of Chicago)

55. Each paragraph of this Complaint is fully restated and incorporated herein.

56. In committing the acts alleged in the preceding paragraphs, a City of Chicago police officer acted as an agent or employees of the Defendant City of Chicago and was acting in the course and scope of his employment and under color of law.

57. This officer put the Plaintiff, a minor, D.R., in reasonable apprehension of receiving and imminent battery by pointing a gun at her.

58. As such, the City of Chicago is liable through a theory of *respondeat superior* liability for the actions of the officer, who took actions while under color of law and in the course and scope of his employment with the City of Chicago.

## Count VI: State Law Claim
### Indemnification
### (All Plaintiffs v. City of Chicago)

59. Each paragraph of this Complaint is fully restated herein.

60. In committing the acts alleged in the preceding paragraphs, the Defendant Officers acted as agents or employees of the Defendant City of Chicago and was acting in the course and scope of his employment and under color of law.

61. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

62. The City of Chicago is the indemnifying entity for the actions of the Defendant Officers, who took actions while under color of law and in the course and scope of their employment with the City of Chicago.

WHEREFORE, the Plaintiff seeks compensatory damages for his injuries, as well as punitive damages against the Defendant Officers, and attorney's fees, as well as the costs of prosecuting this action, and any other further release as this Court deems just and appropriate.

THE PLAINTIFF DEMANDS A TRIAL BY JURY

                                          Respectfully Submitted,

                                          /s/ Richard Dvorak
                                          One of the Attorneys for the Plaintiff

Richard Dvorak
Mariam Hai
Dvorak Law Offices, LLC
6262 Kingery Highway, Suite 305
Willowbrook, IL 60527

P: (630) 568-3190
F: (312) 873-3869
richard.dvorak@civilrightsdefenders.com
mariam.hai@civilrightsdefenders.com

10

## CERTIFICATE

I, Mariam Hai, an attorney, certify that on January 10, 2020, she caused the above document to be filed with this Court's electronic filing system and served upon counsel of record.

                                                      /s/Mariam Hai